COAST-TO-COAST PRODUCE
COMPANY, LLC,

                Plaintiff,

   -against-                                        1:16-CV-0830 (LEK/CFH)

MOUNTAIN FRESH FARMS, LLC, *et al.*,

                Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Coast-To-Coast Produce Company, LLC ("CCPC") brought this action against Defendants Mountain Fresh Farms, LLC ("MFF") and Carole Crimivaroli to recover payment for produce sold to MFF over the course of several months. Dkt. No. 1 ("Complaint"). CCPC subsequently filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. Nos. 12 ("Motion"), 12-3 ("Memorandum"). For the following reasons, the Motion is granted in part and denied in part.

### II. BACKGROUND

CCPC, a Connecticut LLC and wholesale produce distributor, is a licensed dealer as defined in the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq*. Compl. ¶ 3. MFF, a New York LLC, is also a wholesale produce distributor, and Crimivaroli is an officer, manager, and member of MFF with control over its operations. Id. ¶¶ 4–5. CCPC provides invoices showing that between December 21, 2015, and June 7, 2016, CCPC sold and

delivered $72,820.00 in produce to MFF. Id. ¶ 7; Dkt. No. 12-2 ("Exhibits") at 18–39.[1] Despite repeated requests, MFF has failed to pay the $72,820.00 that it owes to CCPC for produce delivered during that time period. Id. ¶ 8.

On July 7, 2016, CCPC filed the Complaint in this action asserting a variety of statutory and common law causes of action and seeking damages and interest. Id. ¶ 41. Defendants did not file a responsive pleading, and on August 5, 2016, the Clerk of the Court filed an entry of default against Defendants at CCPC's request. Dkt. No. 9. On August 8, 2016, CCPC filed the Motion for Default Judgment seeking monetary relief on its PACA claims in the amount of $72,820.00 in unpaid invoices and $3,145.02 in prejudgment interest. Mot. at 1. Defendants have not responded or otherwise appeared in this case. On September 20, 2016, CCPC filed a suggestion of bankruptcy as to Crimivaroli, requesting that all actions against Crimivaroli be stayed pursuant to 11 U.S.C. § 362, Dkt. No. 13 ("Suggestion of Bankruptcy"), and the Court granted that request, Dkt. No. 15.

## III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the

---

[1] The page numbers of the Exhibits correspond to those assigned by the Court's electronic filing system ("ECF").

2

party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); accord Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default, (2) a proposed form of default judgment, (3) a copy of the pleading to which no response has been made, and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5)

3

the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

**IV. DISCUSSION**

CCPC's Motion was filed along with all of the information required by Local Rule 55.2(b). Exs. at 1–7, 15, 46–47; Dkt. No. 12-1 ("Brown Declaration"). Additionally, CCPC submitted an attorney declaration containing all of the information required by Local Rule 55.2(a). Brown Decl. ¶¶ 3–4, 6, 8–9. Accordingly, the Court now considers the substance of Plaintiff's Motion.

**A. Liability**

In order to promote fairness in the interstate market for produce, "PACA provides that a dealer who receives goods or derives proceeds from a wholesaler's produce . . . is to hold those goods in trust for the benefit of the unpaid seller." Maspeth Trading, Inc. v. Ou Jiang Supermarket, Inc., No. 12-CV-1997, 2014 WL 3548507, at *4 (E.D.N.Y. July 17, 2014) (quoting S. Katzman Produce, Inc. v. Won, No. 08-CV-2403, 2009 WL 2448408, at *3 (E.D.N.Y. Aug. 7, 2009)). To recover the proceeds from a PACA-created trust, a plaintiff must show:

> (1) The commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by the law.

A&J Produce Corp. v. Chang, 385 F. Supp. 2d 354, 358 (S.D.N.Y. 2005) (citing 7 U.S.C. § 499e). Here, CCPC has alleged all of the necessary elements to recover from a trust, Compl. ¶¶ 4, 7, 8, 10, and those allegations are presumed to be true for the purposes of the Motion, Fed.

4

R. Civ. P. 8(b)(6).

**B. Damages**

CCPC seeks damages in the amount of $72,830.00. Mot. at 1. In support of that calculation, CCPC provides a series of twenty-two invoices covering shipments of cucumbers and tomatoes from December 21, 2015, through June 7, 2016. Exs. at 18–39. MFF paid a portion of the invoice dated December 21, 2015, but the remaining twenty-one invoices were entirely unpaid. Id. at 17. After reviewing CCPC's calculations, the Court awards a judgment of $72,830.00 against MFF.

**C. Interest**

PACA does not explicitly provide for prejudgment interest, but the Second Circuit has held that "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted 'are matters confided to the district court's broad discretion.'" Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1071 (2d Cir. 1995) (quoting Commercial Union Assurance Co. v. Milken, 17 F.3d 608, 613–14 (2d Cir. 1994)). Courts in this circuit typically grant prejudgment interest when it is provided for in the invoices or in a contract between the parties. E.g., S. Katzman Produce, Inc., 2009 WL 2448408, at *5–6.

Here, CCPC seeks prejudgment interest at the New York statutory rate of nine percent, but it provides no contractual basis for charging MFF interest. The invoices themselves do not mention interest, and CCPC does not identify any other contract providing for interest on unpaid invoices. Therefore, the Court declines to award prejudgment interest. See Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc., No. 11-CV-3259, 2013 WL 3990761, at *6–7 (E.D.N.Y. Aug. 5, 2013) (declining to award prejudgment interest "[b]ecause plaintiff has not established a

contractual basis for charging defendant prejudgment interest"); Poppy's Wholesale Produce, Inc. v. S&S Grocery of N.Y. Corp., No. 11-CV-4337, 2012 WL 2373629, at *1 (E.D.N.Y. June 22, 2012) (adopting a report-recommendation that denied prejudgment interest because the plaintiff provided no evidence that it was entitled to prejudgment interest); Watermelon Exp., Inc. v. Marine Park Farmer's Market, Inc., No. 05-CV-4649, 2007 WL 4125105, at *1 (E.D.N.Y. Nov. 16, 2007) (same).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that CCPC's Motion (Dkt. No. 12) is **GRANTED in part** as to the $72,830.00 in unpaid invoices against defendant Mountain Fresh Farms, LLC, and **DENIED in part** as to the requested prejudgment interest; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 13, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge